UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA

Case No. 14-cr-20206-BB-4

UNITED STATES OF AMERICA,

    Plaintiff,

v.

DAMASE CAMERON,

    Defendant.
_____/

## ORDER

**THIS CAUSE** is before the Court upon Defendant Damase Cameron's *Pro se* Motion for Modification of Sentence pursuant to 18 U.S.C. § 3582(c)(2), ECF No. [440] ("Motion"). The Government filed a response in opposition to the Motion, ECF No. [442] ("Response"), to which Defendant did not file a reply. The Court has reviewed the Motion, the Response, the record in this case, the applicable law, and is otherwise fully advised. For the reasons set forth below, the Motion is denied.

On April 1, 2014, a federal grand jury returned an indictment charging Defendant and other co-defendants with conspiracy to possess with intent to distribute more than 500 grams of cocaine, more than 28 grams of cocaine base, methylone, and marijuana in violation of 21 U.S.C. § 841(a)(1) (Count I); conspiracy to use and carry a firearm during and in relation to a drug trafficking crime and to possess a firearm in furtherance of a drug trafficking crime in violation of 18 U.S.C. § 924(o) (Count II); possession and carrying of a firearm in furtherance of a drug trafficking crime in violation of 18 U.S.C. § 924(c)(1)(A) (Count III); and possession of a firearm by a previously convicted felon in violation of 18 U.S.C. § 922(g) (Count IV). ECF No. [3]. On

November 7, 2014, Defendant pled guilty to Counts I and III, and thereafter Counts II and IV were dismissed by agreement with the Government. ECF No. [247]. On January 30, 2015, Defendant was sentenced to 262 months' imprisonment consisting of 202 months as to Count I and 60 months as to Count III to run consecutively, followed by five years' supervised release. ECF Nos. [323]; [324].

On November 2, 2020, Defendant filed the instant Motion seeking a sentence modification and reduction under 18 U.S.C. § 3582(c)(2) based on Amendment 782 to the Sentencing Guidelines. ECF No. [1].[1] He also requests a court-appointed attorney. The Government responds that Defendant was sentenced under the Guidelines *after* they were amended by Amendment 782 and that the Motion is without merit because "the Amendment was already applied in calculating Defendant's base offense level under the guidelines." ECF No. [442]. Upon review, the Court agrees with the Government that Defendant is not entitled to a modified sentence under Amendment 782.

Defendant was sentenced on January 30, 2015, based on the revised drug quantity table in the Sentencing Guidelines that became effective November 1, 2014. This edition of the Sentencing Guidelines included Amendment 782. Accordingly, Defendant has already received the benefit of the reduced drug sentence that resulted from Amendment 782 to the Sentencing Guidelines. Therefore, there is no basis to reduce his sentence further based on Amendment 782. Moreover, Defendant's sentence was computed correctly. As set forth in the Presentence Investigation Report, ECF No. [283] ("PSI"), based on the quantity of drugs involved as set forth in Count I (converted to an equivalency of between 400 kilograms but less than 700 kilograms of marijuana),

---

[1] Amendment 782 to the United States Sentencing Guidelines, effective November 1, 2014, lowered the penalties for most drug offenses by reducing most offense levels on the 2D1.1 Drug Quantity Table by two levels, and making related adjustments.

Defendant's base offense level was 26. PSI ¶ 44. This was adjusted to an offense level of 34 based on Defendant's status as a career offender. *Id.* at ¶ 50. This figure was later reduced by three points for acceptance of responsibility, generating a total offense level of 31. *Id.* at ¶¶ 51-53. Further, with 13 criminal history points and a career offender, Defendant's criminal history category was VI. *Id.* at ¶¶ 64-65.

Based upon a total offense level of 31 and a criminal history category of VI, Defendant's guideline range was 188 months to 235 months. *Id.* at ¶ 108. However, because Count III was subject to a career offender enhancement, Defendant's total advisory guideline range was 262 months to 327 months. *Id.* At sentencing, upon hearing argument of counsel, the Court accepted the calculation contained within the PSI. *See* ECF No. [343] at 10, 40. Defendant was ultimately sentenced to the bottom end of the guideline range. *Id.* at 40-41. Because Defendant has failed to show that the sentence is otherwise subject to reduction or modification, the Motion is denied and Defendant's request for counsel is denied as moot. The governing law in this Circuit is that "Defendant does not have a statutory or constitutional right to counsel for purposes of a § 3582(c)(2) motion." *United States v. Campbell*, No. 91-CR-06093, 2019 WL 8888226, at *1 (S.D. Fla. May 15, 2019) (citing *United States v. Webb*, 565 F.3d 789, 794-95 (11th Cir. 2009)).

Accordingly, it is **ORDERED AND ADJUDGED** that the Motion, **ECF No. [440]**, is **DENIED**.

**DONE AND ORDERED** in Chambers at Miami, Florida, on December 22, 2020.

_____
**BETH BLOOM**
**UNITED STATES DISTRICT JUDGE**

Case No. 14-cr-20206-BB-4

Copies furnished to:

Counsel of record

Damase Cameron
05344-104
Coleman I-USP
United States Penitentiary
Inmate Mail/Parcels
Post Office Box 1033
Coleman, FL 33521

4