UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA

Case No. 14-cr-20206-BLOOM

UNITED STATES OF AMERICA,

v.

DAMASE CAMERON,

Defendant.

_____/

ORDER DENYING MOTION FOR COMPASSIONATE RELEASE

**THIS CAUSE** is before the Court upon Defendant Damase Cameron's Supplemental Motion for Writ of Mandamus and Motion for Compassionate Release Pursuant to 18 U.S.C. § 3582(c)(1)(A) ("Motion"), ECF No. [481]. The Government filed a Response in Opposition, ECF No. [483]. The Court has considered the Motion, the record in this case, the applicable law, and is otherwise fully advised. For the reasons that follow, Defendant's Motion is denied.

## I.   BACKGROUND

On April 1, 2014, Defendant was charged by Indictment with one count of conspiracy to possess with intent to distribute more than 500 grams of cocaine, more than 28 grams of cocaine base, methylone, and marijuana, in violation of 21 U.S.C. § 846 (Count 1); one count of conspiracy to possess or carry a firearm during or in relation to a drug trafficking crime, in violation of 18 U.S.C. § 924(o) (Count 2); one count of possession or carrying a firearm in relation to a drug trafficking crime, in violation of 18 U.S.C. § 924(c)(1)(A) (Count 3); and one count of possession of a firearm by a convicted felon, in violation of 18 U.S.C. § 922(g)(1) (Count 4). ECF No. [3]. Defendant entered into a plea agreement, agreeing to plead guilty to Counts 1 and 3 of the Indictment. ECF Nos. [247], [248].

On January 30, 2015, the Court sentenced Defendant to 202 months of imprisonment as to

Count 1 and 60 months of imprisonment as to Count 3, to run consecutively. *See* ECF No. [343] at 36–41; ECF No. [324].

On August 1, 2025, Defendant filed a Motion for Compassionate Release pursuant to 18 U.S.C. § 3582(c)(1)(A)(i). ECF No. [474]. In it, Defendant argued, in relevant part, that his family circumstances constituted an extraordinary and compelling reason for his release. *Id.* at 10. Specifically, he argued that the deaths of his son and father, combined with his mother's medical conditions including dementia, justified compassionate release. *Id*. The Court found that Defendant's family circumstances did not justify compassionate release because Defendant had not shown that his mother was medically incapacitated or that he was the only person available to care for her. ECF No. [480] at 7–8.

On April 13, 2026, Defendant filed the instant Motion, arguing that "newly arisen and materially significant circumstances" support the application of compassionate release. ECF No. [481] at 1. Specifically, he notes that since his prior filing, his mother "was involved in a motor vehicle accident as a passenger, resulting in hospitalization and physical injury." *Id.* at 2. This compounds the challenges he raised in his previous Motion for Compassionate Release—namely, the deaths of his son and father and his mother's medical conditions. *Id*.

The Government responds that Defendant remains ineligible for release, as the car accident has not incapacitated his mother. ECF No. [483] at 4–8. Specifically, Defendant's records indicate that she was discharged from the hospital with a prescription for acetaminophen and instructions to be aware of the symptoms of a more serious head injury. *Id.* at 5. Moreover, Defendant has still not demonstrated that he is the only person capable of providing care for his mother. *Id.* at 6.

## II.   LEGAL STANDRD

"Generally, a court 'may not modify a term of imprisonment once it has been imposed.'"

*United States v. Pubien*, 805 F. App'x 727, 729 (11th Cir. 2020) (quoting 18 U.S.C. § 3582(c)).

> "The authority of a district court to modify an imprisonment sentence is narrowly limited by statute." [*United States v. Phillips*, 597 F.3d 1190, 1194-95 (11th Cir. 2010)]. Section 3582(c) of Title 18 provides that the district court may not modify a defendant's imprisonment sentence except: (1) if the Bureau of Prisons files a motion and extraordinary or compelling circumstances warrant modification or if the defendant is at least 70 years old and has served 30 years in prison; (2) if the modification is expressly permitted by statute or Federal Rule of Criminal Procedure 35; or (3) if the defendant's original sentencing range has subsequently been lowered as a result of an amendment to the Guidelines by the Sentencing Commission. 18 U.S.C. § 3582(c).

*United States v. Shaw*, 711 F. App'x 552, 554-55 (11th Cir. 2017); *see also United States v. Celedon*, 353 F. App'x 278, 280 (11th Cir. 2009); *United States v. Diaz-Clark*, 292 F.3d 1310, 1316-18 (11th Cir. 2002). Thus, "[t]he law is clear that the district court has no inherent authority to modify a sentence; it may do so only when authorized by a statute or rule." *United States v. Rivas*, 800 F. App'x 742, 745 (11th Cir. 2020) (quoting *United States v. Puentes*, 803 F.3d 597, 605-06 (11th Cir. 2015)); *see also United States v. Llewlyn*, 879 F.3d 1291, 1296-97 (11th Cir. 2018) (quoting *Dillon v. United States*, 560 U.S. 817, 827 (2010)).

Defendant seeks compassionate release pursuant 18 U.S.C. § 3582(c)(1)(A). The relevant portion of the statute provides that:

> (A) the court, upon motion of the Director of the Bureau of Prisons, or upon motion of the defendant after the defendant has fully exhausted all administrative rights to appeal a failure of the Bureau of Prisons to bring a motion on the defendant's behalf or the lapse of 30 days from the receipt of such a request by the warden of the defendant's facility, whichever is earlier, may reduce the term of imprisonment (and may impose a term of probation or supervised release with or without conditions that does not exceed the unserved portion of the original term of imprisonment), after considering the factors set forth in section 3553(a) [18 USCS § 3553(a)] to the extent that they are applicable, if it finds that—
>
> (i)     extraordinary and compelling reasons warrant such a reduction . . ..
>
> . . .
>
> and that such a reduction is consistent with applicable policy statements issued by

3

the Sentencing Commission . . ..

18 U.S.C. § 3582(c)(1)(A)(i).

To grant a defendant's request for a reduced sentence under § 3582(c)(1)(A), the Court must: (1) find Defendant has exhausted his administrative remedies with the Bureau of Prisons ("BOP"); (2) conclude that extraordinary and compelling reasons warrant compassionate release in this case; (3) weigh the relevant § 3553(a) factors; and find that (4) "such a reduction is consistent with applicable policy statements issued by the Sentencing Commission." 18 U.S.C. § 3582(c)(1)(A)(i). The Eleventh Circuit has held any such reduction must be consistent with the applicable policy statement, U.S.S.G. § 1B1.13. *United States v. Bryant*, 996 F.3d 1243, 1262 (11th Cir. 2021), *cert. denied*, 142 S. Ct. 583 ("In short, we hold that [§] 1B1.13 is an applicable policy statement that governs all motions under Section 3582(c)(1)(A). Accordingly, district courts may not reduce a sentence under Section 3582(c)(1)(A) unless a reduction would be consistent with [§] 1B1.13."). Moreover, Defendant bears the burden of establishing that compassionate release is warranted. *See United States v. Hamilton*, 715 F.3d 328, 337 (11th Cir. 2013) (explaining that "a defendant, as the § 3582(c)(2) movant, bears the burden of establishing that" compassionate release is warranted, but that, even where a defendant satisfies this burden, "the district court still retains discretion to determine whether a sentence reduction is warranted").

Section 1B1.13 of the Sentencing Guidelines lists the following extraordinary and compelling reasons: (1) the defendant's medical circumstances; (2) the defendant's age; (3) the defendant's family circumstances; (4) sexual or physical abuse suffered by the defendant while serving the term of imprisonment sought to be reduced; (5) other circumstances similar in gravity to those described in (1) through (4); and (6) an unusually long sentence. U.S.S.G. § 1B1.13(b). "Each of these circumstances is further defined in the Guidelines' policy statement. The policy

4

statement definitions are binding on courts in this Circuit." *United States v. Harris*, Case No. 8:18-cr-483, 2024 WL 4932775, at *2 (M.D. Fla. Dec. 2, 2024) (citing *Bryant*, 996 F.3d at 1262).

## III.   DISCUSSION

The Court finds that Defendant has not established an extraordinary and compelling basis for compassionate release. As the Court explained in its previous Order, for family circumstances to support compassionate release under U.S.S.G. § 1B1.13, Defendant first must demonstrate that (1) his mother is medically incapacitated; and (2) Defendant is the only person available to care for her. ECF No. [480] at 7 (citing § 1B1.13(b)(3)(C)). Defendant has failed to do so.

The only change in circumstances since the Court's last Order is the car accident experienced by Defendant's mother. While the Court regrets that Defendant's mother experienced this hardship, as the Government correctly points out, the record reflects that Defendant's mother was discharged with a prescription for acetaminophen, which is a mild form of treatment. ECF No. [481-1] at 13. Nothing else in the records submitted my Defendant indicates that his mother was incapacitated from the car accident.

Moreover, Defendant still has not demonstrated that he is the only person capable of caring for his mother. As the Court noted in its prior Order, Defendant's sister appears to be another available caregiver. ECF No. [480] at 8 (citations omitted). The instant Motion provides no additional information to indicate that Defendant's sister is not an available and adequate caregiver. *See generally* ECF No. [481].

For these reasons, the Court denies Defendant's Motion. Because the Court finds that extraordinary and compelling circumstances do not exist, the Court does not reach the § 3553(a) factors or applicable policy statements. CONCLUSION

Accordingly, it is **ORDERED AND ADJUDGED** that

1. Defendant Damase Cameron's Supplemental Motion for Writ of Mandamus and Motion for Compassionate Release Pursuant to 18 U.S.C. § 3582(c)(1)(A), **ECF No. [481]**, is **DENIED**.

**DONE AND ORDERED** in Chambers at Miami, Florida, on June 15, 2026.

**BETH BLOOM**
**UNITED STATES DISTRICT JUDGE**

Copies to:

Counsel of record

Damase Cameron
05344-104
Pollock FCI
Federal Correctional Institution
Inmate Mail/Parcels
Post Office Box 4050
Pollock, LA 71467
PRO SE